**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JUSTINE S.[1]                                             Case No. 3:22-cv-165

          Plaintiff,

  v.                                                        Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.


**MEMORANDUM OF OPINION AND ORDER**

Plaintiff Justine S. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability should be **AFFIRMED**, because it is supported by substantial evidence in the administrative record. The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

**I. Summary of Administrative Record**

On August 23, 2016, Plaintiff filed an application for Supplemental Security Income ("SSI") alleging she became disabled on March 9, 2009, based upon a combination of physical and mental impairments. After her claim was denied initially and upon reconsideration, Plaintiff requested an evidentiary hearing before an Administrative Law Judge ("ALJ"). At a telephonic hearing held on May 11, 2021 Plaintiff appeared with

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

counsel and gave testimony before ALJ Gregory Kenyon. Vocational Expert Ginny Speelman also appeared by telephone. On June 18, 2021, the ALJ issued a written decision, concluding that Plaintiff was not disabled. (Tr. 16-31).

Plaintiff was born on April 23, 1970 and was 46 years old on the date that her application was filed. (Tr. 30). She has a high school education and no past relevant work. Id. Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "fibromyalgia, lumbar degenerative disc disease, diabetes mellius, chronic obstructive pulmonary disease (COPD), obesity, depression and a history of polysubstance abuse." (Tr. 19). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following limitations:

> (1) occasionally crouching, crawling, kneeling, stooping, and climbing ramps and stairs; (2) never climbing ladders, ropes, or scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no concentrated exposure to respiratory irritants; (5) performing simple, routine, and repetitive tasks; (6) occasional contact with coworkers and supervisors; (7) no public contact; (8) no fast-paced work or jobs which involve strict production quotas; and (9) jobs which involve very little, if any, change in the job duties or the work routine from one day to the next.

(Tr. 25).

Based upon her RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could not perform her prior work, but could perform other jobs that exist in significant numbers in the national economy, including small products assembler, inspector/hand packager, garment sorter. (Tr. 31). Accordingly, the ALJ determined that

2

Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by failing to give controlling weight to the opinion of Plaintiff's treating physician. Upon close analysis, I conclude that Plaintiff's arguments are not well-taken.

## I.    Analysis

### A.  Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial

evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an

impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

### B. The ALJ's Decision is supported by Substantial Evidence

Plaintiff argues that the ALJ improperly evaluated the opinion evidence. Specifically, Plaintiff contends that the ALJ failed to provide "good reasons" for affording less than controlling weight to the opinions of her treating physician Dr. Carol D. Barlage, M.D. Plaintiff's contention lacks merit.

This case is governed by social security regulations applicable to claims filed before March 27, 2017. Those regulations provide for the opinions of treating physicians to be given the most weight, and the opinions of examining consultants to be given greater weight than the opinions of non-examining consultants. 20 C.F.R. § 404.1527(c)(1). The treating physician regulation specifies in relevant part that:

> If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons ... for the weight we give your treating source's medical opinion.

20 C.F.R. § 404.1527(c)(2); *see also* Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *2 (July 2, 1996). Only if an ALJ determines that the treating physician's opinions are not entitled to controlling weight should the ALJ consider additional factors to determine how much weight should be afforded to the opinion, such as "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a

5

whole, and any specialization of the treating physician." *Blakley v. Com'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c)(2) - (c)(6).

If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, the ALJ is required to articulate "good reasons" for that decision. Id. Under the "good reasons" standard, an ALJ cannot reject a treating physician's opinion solely based on the conflicting opinions of non-examining consultants. Nor may an ALJ subject a treating physician's opinions to greater scrutiny than the opinions of consulting physicians. See *Gayheart v. Com'r of Soc. Sec.*, 710 F.3d at 377. Additionally, in cases when an ALJ does not give controlling weight to the opinion of a treating physician, the ALJ must explain the weight given to the opinion after considering the following relevant factors: the length, nature, and extent of treatment relationship, evidence in support of the opinion; consistency with the record as a whole; and the physician's specialization. 20 C.F.R. § 416.927(c).

Here, Dr. Barlage treated Plaintiff on several occasions at the Rocking Horse Community Health Center.  On August 12, 2020, Dr. Barlage provided two medical source statements pertaining to Plaintiff's physical and mental health impairments. (Tr. 581-589). As noted by the ALJ, in most areas of work-related mental functioning, i.e. understanding and memory, sustained concentration and persistence, social interaction, and adaptation, Dr. Barlage indicated mostly "moderate" or "marked" levels of limitation and noted that Plaintiff's mood "influences" her public interaction and her physical condition limits her ability to concentrate. (Tr. 20).

With respect to Plaintiff's physical limitations, Dr. Barlage limited Plaintiff's RFC to frequent lifting of 1-5 pounds, occasional lifting of up to 20 pounds, walking of 1-2 hours

total, sitting of 2-3 hours total, standing of 2-3 hours total, frequent use of the upper extremities, occasional postural maneuvers, occasional climbing of stairs, no climbing of ladders, and expected absences of at least 2 days per month. (Tr. at 584-86). In an accompanying letter, Dr. Barlage explained that Plaintiff's fibromyalgia made it difficult for her to walk or stand for prolonged period of times, and that it was difficult for her to perform repetitive movement with her hands. (Tr. 589).

In formulating Plaintiff's mental RFC, the ALJ determined that "the supportability and consistency of Dr. Barlage's opinion does not warrant deferential weight." (Tr. 21). In this regard, the ALJ gave good reasons for the decision not to give Dr. Barlage's opinion controlling weight. Specifically, he noted:

> The claimant has never been psychiatrically hospitalized, and the conservative, relatively minimal treatment she has received for depressive symptoms is inconsistent with the marked level ratings alleged by Dr. Barlage which would seem to reflect the claimant's level of functioning when she is abusing drugs. The claimant's ability to maintain attention and concentration, relate to others in an appropriate manner, cope with work stress, and adapt to change are limited to no more than a moderate extent when she is drug-free, findings which are reflected in mental health progress notes documenting appropriate appearance, logical thought processes, normal thought content, cooperative behavior, and no cognitive impairment (see, Exhibits 3F at 13-14 / 4F at 12-13, 16, 21), as well as Dr. Barlage's own treatment records, the most recent of which describe an alert presentation; appropriate mood and affect; and normal insight and judgment (Exhibit 9F at 16, 32, 39).

Id. In light of the foregoing, the ALJ determined that "a fair reading of the record does not demonstrate that the extensive restrictions imposed by Dr. Barlage are indicative of [her] ordinary level of psychological function…".

Likewise, the ALJ also determined that Dr. Barlage's physical limitations were not supported by Plaintiff's treatment records. In this regard, the ALJ noted that lumbar x-rays

showed no more than moderate level changes. (Tr. 26). The ALJ further noted that examination records indicated that Plaintiff exhibits only mild to moderately reduced range of motion of the lumbar spine and bilateral lower extremities. Id. In light of these inconsistencies, the ALJ determined that Dr. Barlage seemed to simply base her opined limitations upon an uncritical acceptance of Plaintiff's subjective complaints of constant swelling, fatigue, and high-level pain radiating from her lower back to her legs and feet (Tr. 26, 624).

The ALJ also pointed to other record evidence that did not support the marked limitations found by Dr. Barlage. Notably, with respect to Plaintiff's mental limitations, Carl Tishler, Ph.D, the state agency psychological consultant found that Plaintiff had only mild to moderate limitations in her mental functioning and could perform work in a predictable setting with infrequent changes (Tr. 21, 77-79). Additionally, the ALJ also reasonably considered Plaintiff's daily activities. See SSR 16-3p (an ALJ may consider statements about a claimant's daily activities when assessing the consistency of the claimant's statements). In this regard, the ALJ noted that Plaintiff has a driver's license and is able to run errands, attend appointments, shop in stores, prepare meals and pay bills. (Tr. 22).

Similarly, with respect to Plaintiff's physical impairments, the ALJ also cited to treatment notes from Dr. Kensington which indicated that Plaintiff ambulates with a normal gait and has 5/5 muscle strength. The ALJ also considered the findings of two state agency medical consultants who both found less restrictive RFC findings than Dr. Barlage had found. (Tr. 26- 27).

Upon careful review, the undesigned finds that the ALJ properly gave "good reasons" for rejecting Dr. Barlage's mental and physical limitations and such reasons are supported by the evidence in the record.  As detailed above, the ALJ determined that the medical records, including Dr. Barlage's own records, do not include objective medical findings or other evidence to support the extreme limitations in Dr. Barlage's opinions. (Tr. 27). See 20 C.F.R. §§ 404.1527(c)(3), (c)(4), 416.927(c)(3), (c)(4); *Walters,* 127 F.3d at 529-30.

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. See *Casey v. Secretary of Health and Human Servs.,* 987 F.2d 1230, 1233 (6th Cir. 1993). Here, the ALJ's decision was not outside of the permissible "zone of choice" that grants ALJs discretion to make findings without "interference by the courts.*" Blakley v. Comm'r of Soc. Sec*., 581 F.3d 399, 406 (6th Cir. 2009). See also *Ulman v. Comm'r of Soc. Sec*., 693 F.3d 709, 713-14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess."); *Warner v. Comm'r of Soc. Sec*., 375 F.3d 387, 390 (6th Cir. 2004) ("As long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion.").

This court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). The court, however, may examine all the evidence in the record, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.,* 884 F.2d 241, 245 (6th Cir. 1989); *Heston v. Comm'r of Soc. Sec*., 245

F.3d 528, 535 (6th Cir. 2001). The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this court would resolve the issues of fact in dispute differently, or substantial evidence also supports the opposite conclusion. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  Here, substantial evidence supports the ALJ's findings and his conclusion that Plaintiff was not disabled within the meaning of the Social Security Act.

III.    **Conclusion**

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and is **AFFIRMED**, and that this case is **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge